UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLIE STARR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-10-52 |
| | § | |
| STEVE MASSIE, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER OF DISMISSAL

Charlie Starr, (TDCJ # 1524571), an inmate incarcerated at the Terrell unit, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983 seeking, *inter alia*, monetary damages for an unjust disciplinary action.  Starr proceeds *pro se* and *in forma pauperis.*  After careful review of Starr's complaint and more definite statement, (Doc. # 8), the Court concludes that this case must be dismissed for the reasons that follow.

I.   BACKGROUND

On October 11, 2009, Starr received a disciplinary case for failing to turn out for his work assignment, in the kitchen of the Terrell unit, without a legitimate reason.  Punishment included a loss of fifteen (15) days of commissary and recreation privileges.  Starr seeks monetary damages for each day he was deprived of these privileges.  Starr also alleges that assistant regional director Steve Massie and Warden Jones failed to protect him by forcing him to perform work (as a kitchen worker) that could cause him "and other to be hurt or harmed."

II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA

requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall, on its own motion or on the motion of a party, dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

### III.    DISCUSSION

#### A.    Exhaustion of Administrative Remedies

To the extent Starr claims that the defendants Massie and Jones engaged in any wrongdoing, he has not exhausted his administrative remedies with respect to his claims against them. The claims against Massie and Jones concern the conditions of Starr's confinement in TDCJ. Under the PLRA, an inmate is required to exhaust administrative remedies for all "action[s] . . . brought with respect to prison conditions" before filing a civil rights suit in federal court under 42 U.S.C. § 1983 or "any other Federal law." 42 U.S.C. § 1997e(a). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of *all* administrative procedures before an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Woodford v. Ngo*, 548 U.S. 81 (2006); *see also Jones v. Bock,* 549 U.S. 199 (2007) (confirming that "[t]here

is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court"). Consistent with Supreme Court precedent, the Fifth Circuit has also mandated that a prisoner must exhaust his administrative remedies by complying with applicable grievance procedures before filing a federal civil rights lawsuit related to prison conditions. *See Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

TDCJ has a formal, two-step administrative grievance process. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure, which at Step 1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable). A Step 1 grievance, which is reviewed by officials at the inmate's assigned facility, must be filed within fifteen days of the alleged incident or challenged event. *See Johnson*, 385 F.3d at 515. Once an inmate receives a response to his Step 1 grievance, he then has up to ten days to file a Step 2 grievance to appeal an unfavorable result. *See id.* Step 2 grievances are reviewed at the state level. *See id*. A Texas prisoner must pursue a grievance through both steps to satisfy the exhaustion requirement. *See id*. (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

In this instance, Starr states in his more definite statement that he did not file a grievance against either Massie or Jones. Thus, prison officials were never put on notice of the specific claims raised against either of them. As the Fifth Circuit has observed, "[i]f an inmate claims that a prison official acted improperly, we can assume that the administrators responding to the grievance would want to know – and a prisoner could ordinarily be expected to provide – details regarding who was involved and when the incident occurred, or at least other available information about the incident. Because Starr failed to file grievances with TDCJ officials, he

did not present sufficient information to exhaust his administrative remedies with regard to his claims against Massie or Jones.

As the Supreme Court has recognized, "Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded correction officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter,* 534 U.S. at 524. By requiring exhaustion of administrative remedies, Congress hoped that "corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id*. (citing *Booth*, 532 U.S. at 737). In addition to filtering out potentially frivolous claims, Congress also believed that internal review would facilitate adjudication of cases ultimately brought to court by giving prison officials an opportunity to develop an administrative record that clarifies the contours of the controversy. *Id.* (citations omitted).

Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an institution's procedural rules. *See Woodford*, 548 U.S. at 89. By failing to complete the grievance procedure in place at TDCJ, Starr has bypassed available administrative remedies. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007). This violates § 1997e(a) of the PLRA which mandates exhaustion *before* filing suit. *See Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (affirming the dismissal even under circumstances that would seem "inefficient"). This claim must be dismissed for failure to exhaust administrative remedies.

### B. Requirements of *Heck v. Humphrey*

Starr's claim for monetary damages for an unjust disciplinary case also fails to state a claim for relief. In order to recover damages for an allegedly unconstitutional conviction or

imprisonment, or for other harm caused by actions whose unlawfulness would question the validity of a conviction or sentence, as Starr is seeking to do in this case, a plaintiff proceeding pursuant to § 1983 must prove that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254, *Heck v. Humphrey*, 512 U.S. 477 (1994). A claim for damages bearing such a relationship to a conviction or sentence that has <u>not</u> been so invalidated, as in the instant case, is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily implicate the validity of his conviction or sentence. And, if it does, the complaint must be dismissed unless or until the plaintiff can demonstrate that the conviction or sentence has been determined invalidated. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Starr stated in his more definite statement that his disciplinary case has not been reversed, invalidated, or called into question by a federal court's issuance of a writ of habeas corpus. As such, a claim for damages is not cognizable under 42 U.S.C. § 1983. *Cf. Sappington v. Bartee*, 195 F.3d 234, 237 (5th Cir. 1999).

### III.     CONCLUSION

The Fifth Circuit has held that a district court "can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the compliant itself makes clear that the prisoner failed to exhaust." *Carbe v. Lappin*, 492 F.3d at 328. Starr has stated that he did not file a grievance against the defendants. Therefore, it is **ORDERED** that all claims against the defendants are **DISMISSED** for failure to state a claim upon which relief can be granted.

It is further **ORDERED** that all claims seeking monetary damages for an unjust disciplinary case are **DISMISSED** until such time as the plaintiff satisfies the conditions set forth in *Heck*. A dismissal of this action, whether under *Heck* or otherwise, will count as a "strike" within the meaning of 28 U.S.C. §1915(g).

**The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

All pending motions are **DENIED** as moot.

SIGNED at Houston, Texas this 14th day of May, 2010.

Kenneth M. Hoyt
United States District Judge